JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-81 PA (RCx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | Debra MacDonald v. Teva Pharmaceuticals USA, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed by defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, Inc. (formerly known as Duramed Pharmaceuticals), Teva Respiratory, LLC, and Teva Neuroscience, Inc. (collectively "Defendants") on January 6, 2010.[1/]  (Docket No. 1.) Defendants assert that jurisdiction exists based on diversity of citizenship.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated."  Johnson v.

---

[1/]       "Gate Pharmaceuticals" is also named as a defendant; however, Teva Pharmaceuticals USA, Inc. explains that Gate Pharmaceuticals is not a separate entity but rather one of its unincorporated operating units.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-81 PA (RCx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | Debra MacDonald v. Teva Pharmaceuticals USA, Inc., et al. | | |

Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)(citing 28 U.S.C. § 1332(c)(1)). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Id.

The Notice of Removal claims that plaintiff Debra MacDonald ("Plaintiff") is a citizen of California, since Plaintiff has listed a California address on her Complaint.  (Notice of Removal ¶ 7.) However, merely listing a California address does not establish that Plaintiff is a resident of California, let alone a citizen of California.  Additionally, the Notice of Removal alleges that Teva Respiratory, LLC is a Florida limited liability company with its principal place of business in Pennsylvania.. Id. ¶ 11.  The Notice of Removal does not contain any allegations concerning the citizenship of Teva Respiratory, LLC's owners or members.  Thus the Notice of Removal also fails to establish the citizenship of Teva Respiratory, LLC.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendant has not met its burden to establish this Court's jurisdiction.  See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. PC 046482 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.